

PCM: USAO#206R00353

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. BAH-26-204 |
| | * | |
| DANIEL AMOS, | * | (Repeated Harassing Telephone Calls, |
| | * | 47 U.S.C. § 223; Influencing, |
| Defendant | * | Impeding, or Retaliating Against a |
| | * | Federal Official, 18 U.S.C. § 115; |
| | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C); 21 |
| | * | U.S.C. § 853(p), and 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
### (Repeated Harassing Telephone Calls)

The Grand Jury for the District of Maryland charges that:

On or about and between April 15, 2024 and April 16, 2026, in the District of Maryland and elsewhere, the defendant,

**DANIEL AMOS,**

in interstate communications, did knowingly make repeated telephone calls and repeatedly initiated communication with a telecommunications device, during which communication ensued, solely to harass Individual 1, a person whose identity is known to the Grand Jury, who was at the called number and who received the communications.

47 U.S.C. § 223(a)(1)(E)

## COUNT TWO
### (Repeated Harassing Telephone Calls)

The Grand Jury for the District of Maryland charges that:

On or about and between April 15, 2024 and April 16, 2026, in the District of Maryland and elsewhere, the defendant,

**DANIEL AMOS,**

in interstate communications, did knowingly make repeated telephone calls and repeatedly initiated communication with a telecommunications device, during which communication ensued, solely to harass Individual 2, a person whose identity is known to the Grand Jury, who was at the called number and who received the communications.

47 U.S.C. § 223(a)(1)(E)

2

## <u>COUNT THREE</u>
### (Repeated Harassing Telephone Calls)

The Grand Jury for the District of Maryland further charges that:

On or about and between April 17, 2026 and April 30, 2026, in the District of Maryland and elsewhere, the defendant,

### DANIEL AMOS,

in interstate communications, did knowingly make repeated telephone calls and repeatedly initiated communications with a telecommunications device, during which communication ensued, solely to harass Individual 3, a person whose identity is known to the Grand Jury, who was at the called number and who received the communications.

47 U.S.C. § 223(a)(1)(E)

## COUNT FOUR
### (Influencing, Impeding, or Retaliating Against a Federal Official)

The Grand Jury for the District of Maryland further charges that:

On or about and between April 17, 2026 and April 30, 2026, in the District of Maryland and elsewhere, the defendant,

### DANIEL AMOS

did threaten to assault Individual 3, a federal law enforcement officer with the United States Supreme Court Police whose identity is known to the Grand Jury, with the intent to impede, intimidate, and interfere with Individual 3, while Individual 3 was engaged in the performance of his official duties, and with the intent to retaliate against Individual 3 on account of the performance of his official duties.

18 U.S.C. §§ 115(a)(1)(B), (b)(4)

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count Three of this Indictment.

2.      Upon conviction of the offense alleged in Count Four of this Indictment, the Defendant,

## DANIEL AMOS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes /pcm
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

06/18/2026
Date

6